

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at BALTIMORE

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Paul C. Bird | * | Case No. | 13-28238 -NVA |
| | * | Chapter | 7 |
| | * | | |
| Debtor(s) | * | | |
| ************************************* | * | | |
| Paul C. Bird | * | | |
| | * | | |
| | * | | |
| Plaintiff(s) | * | | |
| vs. | * | Adversary No. | 14-00191 NVA |
| John E. Driscoll, III, et al., | * | | |
| | * | | |
| | * | | |
| Defendant(s) | * | | |

**BANKRUPTCY COURT'S PROPOSED FINDINGS AND CONCLUSIONS
IN SUPPORT OF ORDER DISMISSING AMENDED COMPLAINT**

The Plaintiff in this adversary proceeding is the Debtor in a case under chapter 7 of title 11 of the United States Code. The Plaintiff's Amended Complaint [dkt. 55] (the "Amended Complaint") was filed in the bankruptcy court by the Debtor against various lenders, servicers and substitute trustees in connection with a debt secured by real property located at 3416 Hopkins Avenue, Halethorpe, MD

1

21227. The Substitute Trustees, Samuel I. White, P.C., John E. Driscoll, III, Esq., Robert E. Frazier, Jana M. Ganatt, Laura D. Harris, Kimberly Lane, and Deena Reynolds, and Specialized Loan Servicing, LLC, all of whom are defendants herein (the "Moving Defendants"), filed a Motion [dkt. 64] to Dismiss the Amended Complaint.

The bankruptcy court held a hearing to consider the Amended Complaint and the Motion to Dismiss on October 28, 2014. The Plaintiff/Debtor and the Moving Defendants all consented, on the record of the hearing, to the entry of a final and dispositive order in this adversary proceeding by the bankruptcy court. Given the uncertainty that exists in this district concerning the efficacy of consent in light of *Stern v. Marshall*, 131 S. Ct. 2594 (2011) the bankruptcy court has submittedthese proposed findings of fact and conclusions of law to the district court and recommended that the Amended Complaint be dismissed.

The Amended Complaint was prepared by the Debtor *pro se*. The allegations of the Amended Complaint are vague. Many are non-specific allegations about the mortgage industry and monetary system in this country (*e.g.*, the Debtor believes that his loan is defective because the currency of the United State of America is not backed by gold or silver). Other allegations pertain to matters involved in a prior bankruptcy case of the Debtor. The Debtor has filed two prior bankruptcy cases in this district - - case nos. 02-51253 and 03-52010.) In case no. 03-52010, (the "Debtor's 2003 Bankruptcy Case"), the Debtor initiated four adversary proceedings against his lenders or servicers, and filed an objection to claim in his main case.[1] The Amended Complaint raises issues that were dealt with in the Debtor's 2003 Bankruptcy Case.

---

[1] Judge James Schneider denied a motion by the Debtor to re-open the 2003 Bankruptcy Case. [dkt. 158 in the Debtor's 2003 Bankruptcy Case]. The Debtor sought to institute an additional adversary proceeding against his lenders for "Breach of Contract, Civil Conspiracy, and violations of the Maryland Consumer Protection Act." [dkt. 153 in the Debtor's 2003 Bankruptcy Case]. Judge Schneider denied the motion with the endorsement: "DENIED. THIS CASE WAS FULLY ADMINISTERED AND WAS PROPERLY CLOSED." [dkt. 158 in the Debtor's 2003 Bankruptcy Case].

The Debtor has an interest in real property that serves as his residence located at 3416 Hopkins Avenue, Halethorpe, Maryland 21227 (the "Property"). The Debtor's current bankruptcy case forestalled a state court foreclosure on the Property. The Amended Complaint contains three counts. Debtor appears to maintain as a basis for each count that the Moving Defendants do not have the right to enforce their security interest against the Property. Although this self-represented Debtor's Amended Complaint is difficult to decipher, the court construes the three counts to request three forms of relief: (I) determination of secured status, (II) removal of cloud from title, and (III) accounting.

The issues raised here in Counts I and II pertain to rights of the Debtor's lenders to execute on their security interests. These were fully and finally adjudicated in the Debtor's 2003 Bankruptcy Case. *See* Judge Schneider's Memorandum Opinion in case no. 03-52010, *Memorandum Opinion Overruling Debtor's Objections to Claim of JP Morgan Chase Manhattan Bank*, dated September 7, 2003[2] [dkt. 132 in the Debtor's 2003 Bankruptcy Case]. Counts I and II of the Amended Complaint are *res judicata*.

Count III of the Amended Complaint, requests an "accounting." It is not clear from whom the Plaintiff/Debtor seeks the accounting the nature of the accounting sought. The Debtor states that he is not fully informed as to the value of his estate and that "USFB owes a duty to the

---

[2] The lender asserts that the loan is now held in the name of Bank of New York Trust Company successor to J.P. Morgan Chase Bank, N.A. for the RAMP 2002 RP Trust. The servicing has been transferred to Specialized Loan Servicing, LLC. *See* Motion to Dismiss Amended Complaint [dkt. 64]. The Debtor does not appear to have contested the propriety of the endorsements or transfers *subsequent* to Judge Schneider's order.

Complainant, the chapter 7 trustee and the court, to produce a verified forensic accounting..." The court is aware of no such duty owed by the lenders or servicer in the context of the Debtor's Amended Complaint. Monique D. Almy was appointed as the chapter 7 trustee in this case. She has the standing, the power and the duty to investigate the financial affairs of the Debtor, pursuant to 11 U.S.C. § 704. If additional information is required from the Debtor's lenders for the benefit of the estate, it is she who has standing and the obligation to seek it.

For the foregoing reasons the Amended Complaint [doc. 55] should be Dismissed.


cc:   All Parties
      All Counsel
      Chapter 7 Trustee

End of Proposed Findings and Conclusions